NEWKIRK *v.* SHIRLEY.

Opinion delivered November 4, 1929.

*Jones & Jones,* for appellant.
*John N. Cook,* for appellee.

BUTLER, J. J. G. Newkirk was engaged in the construction of a portion of a highway in Miller County, Arkansas, under contract with the Arkansas Highway Commission, and sublet a portion of this work to T. S. Shirley under an oral agreement. There is no dispute as to the price Shirley was to receive for the work, which was twenty-five cents per cubic yard for excavation work, $80 per acre for grubbing, and $40 per acre for clearing. The dispute arose on the settlement, Shirley claiming and testifying that the contract was that the amount of work he should be paid for was to be based upon the preliminary estimate made by Mr. H. E. Powell, resident engineer, while Newkirk contended and testified that the work should be paid for on the basis of the final estimate made by the chief engineer of the Highway Commission from data furnished by the engineers in actual charge of the work.

Shirley began work about October 22, 1927, and on January 10, 1928, asked for and received an estimate of his work from Mr. Powell. That part of the highway on which he worked lay north and south of Kelly Bayou. He was to be paid at so much per cubic yard, so much for grubbing, and so much for clearing on that part of the road lying north of Kelly Bayou, and for work done south of the bayou he was to be paid by the day. The amount of work done on the road north of Kelly Bayou, at the stipulated price, was to be divided by the number of days he worked, and whatever that amounted to per day he should receive for the work done south of the bayou. The total amount due for the work, estimated by Powell, on January 10, 1928, was $1,657.40. Shirley was engaged in doing this work 156 days, earning $9.50 for each day. Shirley claimed that he had put in 99½ days on the work south of the bayou, and under his contract was entitled to receive $9.50 per day for each of these days, making $945.25.

It was admitted by Shirley that Newkirk had furnished supplies to him in the sum of $1,997 and brought suit for the difference. The engineer, Powell, testified

that the estimate given to Shirley on or about January 10, 1928, was a preliminary estimate, and that when he made the final estimate it was discovered that the preliminary estimate was incorrect, and that the amount of dirt moved and acreage cleared and grubbed was considerably less.

The defendant offered to introduce his contract with the Arkansas Highway Commission for the purpose of showing how the estimates of the work were to be made, and when he was to be paid for the work done. He also offered to testify that he was paid for his work on the road on the final estimate made by the engineers, and offered to introduce the final estimate of the highway engineers showing the quantity of earth moved on that part of the road that was made by Shirley. He also offered to introduce that part of his contract with the Highway Commission which provided that "all prior partial estimates and payments shall be subject to correction in the final estimate and payment."

The court refused to permit the defendant to introduce any of this testimony, to which action of the court proper objections were made and exceptions saved, and have been assigned as error in the motion for a new trial.

After the evidence was in, the court was requested by the defendant to give instruction No. 5, as follows:

"If the jury find from the evidence that plaintiff was to be paid for the work done by him north of the bridge according to the estimate to be made by the engineer of the Arkansas Highway Commission, and that correct data was furnished by H. E. Powell, the resident engineer, to the district engineer at Hope, and that said district engineer, or his assistant, George Fry, made an estimate of such work, which was sent to C. S. Christian, chief engineer of the Arkansas Highway Commission, then you are instructed that the estimate so made shall govern in this case."

The court refused to so instruct the jury, and the defendant duly excepted to this ruling.

There was a verdict for the plaintiff in the sum of $500. Motion for a new trial was made and overruled, and this case is here on appeal.

The theory of the defendant (appellant) was that the work was to be paid for according to the final estimate made by the engineer of the Arkansas Highway Commission. He testified that such was the agreement, and he was entitled to have the testimony in support of that theory presented to the jury, and we think that the testimony offered and refused by the court should have been admitted, and that the court's refusal to permit the testimony hereinbefore mentioned to be introduced was error.

Appellant also contended that the evidence offered, showing the amount of work done and the number of days required to do it north of Kelly's Bayou, would show that the number of days of work south of said bayou was less than the number claimed by appellee, and that the value of the work per day, based on the earnings per day for the work north of said bayou, would be less than appellee claimed.

The defendant was also entitled to have his theory presented to the jury under correct instructions. Instruction No. 5 correctly presented this theory, and should have been given. *Taylor* v. *McClintock*, 87 Ark. 281, 112 S. W. 405, and cases cited.

Other assignments of error are made which we find unnecessary to discuss, as the principles of law herein announced will be a sufficient guide for the trial court, both as to the admission or exclusion of evidence, and as to its declarations of law.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.